DOMENGEAUX, Judge,
dissenting.
I respectfully dissent.
Assuming arguendo that the co-conspirator exception is inapplicable, I nevertheless respectfully disagree with the majority opinion holding that the statements do not fall within the res gestae exception.
The res gestae exception is broad and is designed to allow into evidence statements made under the pressure and excitement of the occurrence of a crime. It is an exception to the hearsay rule because the tension of the moment lends credibility and reliability to the veracity of the statement. The particular facts of this case fall squarely within the res gestae exception, despite the fact that Mayberry was indeed under arrest when he made the statements.
Officer Cowin, the initial arresting officer, had just concluded arresting Mayberry and was leading him to the police car when a second officer, just arriving at the scene of the crime, saw defendant seated in a nearby parked car apparently waiting for someone. This officer inquired out loud as to the identity of that person in the car. Spontaneously, Mayberry then heatedly denied knowing the driver of the car. Upon seeing the police with Mayberry, defendant sped off. The second officer took off in hot pursuit. At this point, Officer Cowin asked Mayberry who the driver was. May-berry then stated that defendant was his brother-in-law, that defendant had driven Mayberry to the restaurant with full knowledge of Mayberry’s burglary intentions and that Mayberry planned to give defendant half of his takings.
Despite the fact that Mayberry had just been arrested, these statements were made under the excitement and pressure of the crime, a crime in which defendant was then still participating as he was absconding *967 from the scene. When defendant fled from the scene of the crime, the atmosphere became recharged with tension. Mayberry became very agitated as a result of defendant fleeing and it was at this time that he spontaneously implicated defendant as a co-conspirator. Even though Mayberry had been arrested and had been asked by Officer Cowin who defendant was, Mayber-ry’s statements were not coerced, but instead were a spontaneous utterance caused by the high pressure of the moment. We know of no law or jurisprudential precedent which would remove these statements from the res gestae simply because the speaker was under arrest at the time he spoke them. They were, nonetheless, spontaneously spoken under the excitement and pressure of the ongoing crime and should have been admissible as part of the res gestae.
For the forgoing reasons, I respectfully dissent and would affirm the conviction.